UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-08146 PA (JPRx) | Date | December 22, 2020 |
|---|---|---|---|
| Title | Minden Pictures, Inc. v. The Excitant Group, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| G. Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant The Excitant Group, LLC ("Defendant"). (Dkt. No. 22 ("Motion").) Plaintiff Minden Pictures, Inc. ("Plaintiff") filed an Opposition (Dkt. No. 24) and Defendant filed a Reply (Dkt. No. 25). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for December 28, 2020 at 1:30 p.m. is vacated, and the matter taken off calendar.

**I.     Background**

As alleged in Plaintiff's First Amended Complaint ("FAC"), Sergey Gorshkov ("Gorshkov") owns an original photograph of a caribou nuzzling a baby caribou, which was registered with the United States Copyright Office on November 16, 2014 (the "Subject Photograph"). (FAC ¶ 8.) "For all times relevant to this action, Gorshkov has appointed Plaintiff . . . as his exclusive administrator and publisher of all copyright rights in and to the Subject Photograph." (Id. ¶ 11.)

Plaintiff alleges that "[t]oward the end of 2010, [Plaintiff] contracted with ImageRights International, Inc. ('ImageRights'), which provides 'AI-driven intelligent Internet search and copyright enforcement services to photo agencies, image archives, professional photographers, and media companies worldwide.'" (Id. ¶13.) Plaintiff further alleges that "[o]n or about November 16, 2018, ImageRights first discovered the infringing use of the Subject Photograph on [Defendant's] website in a post titled 'Sunday Funday's Coming Out Rap is Fifty Shades of Gay,' and dated November 16, 2014 ([the] 'Post') through an ImageRights search." (Id. ¶ 14.) Plaintiff alleges Defendant used the Subject Photograph "without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to," it's use on its website. (Id. ¶ 11.)

According to Plaintiff, "[o]wing to the tremendously vast size of the Internet and the statistical improbability of finding any particular content item therein in a commercially feasible timeframe and cost, [Plaintiff] could not reasonably have discovered [Defendant's] infringement sooner." (Id. ¶ 15.) Plaintiff allegedly had "no knowledge of [Defendant's] website prior to discovering the infringement at issue and no reason to know of the existence of this claim prior to its discovery by ImageRight despite its diligence in seeking to protect its copyright." (Id. ¶ 18.) Plaintiff brings one claim for copyright infringement. (Id. ¶¶ 19-24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-08146 PA (JPRx) | Date | December 22, 2020 |
|---|---|---|---|
| Title | Minden Pictures, Inc. v. The Excitant Group, LLC | | |

Defendant filed its Motion on November 25, 2020. In its Motion, Defendant seeks to dismiss Plaintiff's copyright claim based on Federal Rule of Civil Procedure 12(b)(6). Defendant argues that the statute of limitations on Plaintiff's copyright claim has run.

**II.   Legal Standards**

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

**III.   Judicial Notice**

Defendant asks the Court to take judicial notice of three documents: (1) a screen capture of the Internet Archive's records of the blog post on which the allegedly infringing photograph was posted; (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-08146 PA (JPRx) | Date | December 22, 2020 |
|---|---|---|---|
| Title | Minden Pictures, Inc. v. The Excitant Group, LLC | | |

a printout from the PACER online federal docket database listing infringement lawsuits filed by Plaintiff, and (3) a copy of the First Amended Complaint filed by Plaintiff in a separate action in the Southern District of New York from 2017. As a general rule, a court may not consider "any material beyond the pleadings in ruling on a 12(b)(6) motion." United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011) (internal quotations omitted). A court "may however, consider materials that are submitted with and attached to the Complaint . . . [and] may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document, (2) the document is central to the plaintiff's claim, and (3) no party questions the authenticity of the document." Id. at 998-99 (citing Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006)). In addition, a court may take judicial notice of "court records available to the public through the PACER system." Pak's Trading Europe BV v. Target, 19-mc-00056, 2018 WL 8333362, at *2 (C.D. Cal. July 25, 2018); see also Reyn's Pasta Bell LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (Courts may "take judicial notice of court filings and other matters of public record.").

Here, Plaintiff does not object to Defendant's request for judicial notice. In addition, the documents that Defendant asks the Court to take judicial notice of are either referenced in Plaintiff's FAC, or publicly available court records. Thus, the Court takes judicial notice of these records.

**III.    Analysis**

Copyright claims must be brought within three years after the claim accrues. 17 U.S.C. § 507(b). The Ninth Circuit follows the "discovery rule" of claim accrual, where the three-year clock begins when a party discovers, or reasonably should have discovered, the infringement. Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 706 (9th Cir. 2004). "This inquiry raises a question of fact but may be considered on a motion to dismiss if no reasonable finder of fact could conclude that the claimant's lack of knowledge was reasonable under the circumstances." Free Speech Systems, LLC v. Menzel, 390 F. Supp. 3d 1162, 1170 (N.D. Cal. 2019); see also Oracle Am. Inc. v. Hewlett Packard Enter. Co., 971 F.3d 1042, 1047 (9th Cir. 2020) (The date of discovery of the alleged copyright infringement "is an issue of fact."); Michael Grecco Prods., Inc. v. Ziff Davis, LLC, 830 Fed. Appx. 233, 234 (9th Cir. Nov. 25, 2020) ("The statute of limitations discovery rule analysis is a factual one.").

There is no dispute that the Subject Photo was posted on Defendant's website in 2014. Instead, the parties disagree on when Plaintiff's copyright claim accrued. Defendant argues that "Plaintiff's sophistication and litigation history should give rise to constructive knowledge of infringement as of the posting date of the article." (Mot. at 8.) According to Defendant, "[a]s a serial litigator who aggressively defends his rights, Plaintiff should reasonably be on notice regarding potential infringement of photos by media companies," and notes that Plaintiff has filed seventy-seven copyright infringement cases since 2017 (Id. 8-9 (citing Minden Pictures, Inc. v. Buzzfeed, Inc., 390 F. Supp. 3d 461, 467 (S.D.N.Y. 2019).). In addition, Defendant argues that Plaintiff's use of ImageRights to search for potential infringement should have revealed Defendant's use of the photo earlier. (Id. at 9-10.) Plaintiff on the other hand argues that it was not feasible for Plaintiff to be expected to discover every possible infringement of the photo at issue simply because it files copyright lawsuits and uses search technology to find infringement. (Opp. at 4-7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-08146 PA (JPRx) | Date | December 22, 2020 |
|---|---|---|---|
| Title | Minden Pictures, Inc. v. The Excitant Group, LLC | | |

Here, the Court finds that whether Plaintiff's delay in filing the lawsuit is a question of fact that cannot be decided on a motion to dismiss. Plaintiff explains in detail in its FAC why it did not discover the alleged infringement until 2018. Further, courts in this circuit regularly find that filing other copyright infringement lawsuits does not put a party on more notice that an infringement has occurred. See Free Speech Systems, LLC, 390 F. Supp. 3d at 1170. In addition, when ImageRight would have captured the alleged infringing image and notified Plaintiff is a question of fact. See Michael Grecco Prods., 830 Fed. Appx. 233 at 234 ("[W]hether the Google reverse image search technology would have captured the image is a question of fact, inappropriate for dismissal at the motion to dismiss stage.") Thus, "it is not clear from the face of the [FAC] that [Plaintiff's] copyright infringement claims were untimely."

## Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is denied.

IT IS SO ORDERED.